**Noah Jarrett**, OSB #994484
Email: njarrett@schwabe.com
**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff,
Global Maritime Investments Cyprus Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED,**<br><br>Plaintiff,<br><br>vs.<br><br>**M/V JIA DA, her engines, tackle, etc.,** *in rem;* **and JIADA SHIPPING CO., LIMITED,** *in personam*,<br><br>Defendants. | No. 3:15-cv-1955<br><br>Admiralty<br><br>VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL |

**GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED'S
VERIFIED COMPLAINT**

Plaintiff, GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED (the "Plaintiff") files this Verified Complaint pursuant to Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and shows the following:

Page 1 -   VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

## I.    JURISDICTION, VENUE, AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rule C and Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333 and 46 U.S.C. §31325(c) and venue is proper in this district pursuant to 28 U.S.C. §1391(c).

3. At all material times, the Plaintiff was and is a company incorporated under the laws of Cyprus, whose registered office in Cyprus is at 1 Kostaki Pantelidi Street, Kolokassides Building, 3rd Floor, CY-1010 Nicosia, Cyprus and a business address at 21 Whitefriars Street, London, United Kingdom, EC4Y 8JJ. Plaintiff is also a debtor-in-possession in a Chapter 11 case proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Plaintiff's Chapter 11 case is procedurally consolidated with the Chapter 11 cases of certain affiliates under the lead case *In re GMI USA Management, Inc.*, Case No. 15-12552-SMB (the "Bankruptcy Cases").

4. The M/V JIA DA, IMO Number 9583598 (the "Vessel"), is a bulk carrier registered under Hong Kong flag and is, or will soon be, within the jurisdiction of this Honorable Court.

5. Upon information and belief, Jiada Shipping Co., Limited is a foreign company incorporated under the laws of Hong Kong whose business address is at 889# Gaoping Road, City of Shanghai, People's Republic of China and is the owner of the Vessel ("the Owner") and the Owner has no office or place of business in the State of Oregon. *See*, Declaration of David R. Boyajian, filed herewith.

/ / /

/ / /

Page 2 -    VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

## II.    BACKGROUND FACTS

6. Pursuant to a Time Charter dated October 25, 2012 (the "Vessel Charter") of the Vessel, among (i) the Owner as the Owner and (ii) Plaintiff as the Charterer, the Plaintiff agreed to and did provide to the Vessel bunkers on the terms and conditions set out in the relevant Charter, a true and correct copy of which is attached hereto as Exhibit "A".

7. On September 15, 2015, the Plaintiff and affiliated companies filed their voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.  Declaration of John P. Melko, attached hereto as Exhibit "B".

8. The Plaintiff and its affiliates continue to operate and to manage their businesses as "debtors in possession" pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 cases pursuant to § 1104 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed in these Chapter 11 cases.

9. Upon the filing of the Bankruptcy Cases, an automatic stay arose by operation of law pursuant to 11 U.S.C. 362(a) which among other things prohibits any attempt to collect or enforce amounts owed prepetition by the Plaintiff.  As is customary in shipping, airline and similar multi-national cases, the Plaintiff requested and was granted an Order specifically enforcing the protective provisions of the Bankruptcy Code. These orders are requested, and granted, as a matter of regular practice, largely to alert non-US creditors to the provisions of the Bankruptcy Code.  A true and correct copy of such order is attached hereto as Exhibit "C".

10. The Owner was notified via overnight courier of the Bankruptcy Cases on September 16, 2015.

Page 3 -    VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

11.     Upon completion of its then current voyage, the Vessel was delivered to the Owner on September 18, 2015 and immediately went into drydock for scheduled maintenance.

12.     On September 18th, the Debtor GMI companies, including the Plaintiff, filed a *Motion for an Order Authorizing Rejection of Executory Contract – Time Charter Contract for M/V Jia Da*. The Motion sought an order authorizing rejection of the Time Charter, effective as of the date of the Motion, since the ship had already been delivered to the Owner. The Court entered its *Order Approving Rejection of Executory Contract – Time Charter Contract for M/V/ JIA DA* on October 2, 2015. A true and correct copy of the Rejection Order is attached hereto as Exhibit "D".

13.     In multiple emails between September 21, 2015 and the date of this filing, HTM Shipping Co., Limited as the Manager of the Vessel on behalf of the Owner, acknowledged the existence of the Bankruptcy Cases.

14.     When the Vessel was re-delivered to the Owner on September 18 following the rejection of the Vessel Charter, bunkers in an amount equal to approximately US$830,028.13 remained aboard (the "Bunkers"). Under Clause 32 of the Vessel Charter, the Plaintiff is entitled to compensation of any bunkers remaining on board the Vessel at the time of redelivery at the price paid upon original delivery which was US$635.50 per metric ton for IFO and US$938.00 per metric ton for LSMGO. On October 7, 2015, the Plaintiff submitted a Hire Statement for amounts owed during redelivery (the "Hire Statement"). A true and correct copy of the Hire Statement is attached hereto as Exhibit "E". The Hire Statement evidences that bunkers on board upon redelivery were 789.200 metric tons of IFO and 59.730 metric tons of LSMGO as BOR and 321.028 metric tons of IFO and 72.976 metric tons of LSMGO as Excessive BORD. The total amount owed for the bunkers at the above price and quantities is US$830,028.13.

Page 4 -    VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

15. After multiple requests for payment, on October 8, 2015, the Plaintiff notified the Owner that it will claim the value of the Bunkers on termination of the Vessel Charter and that it is entitled to payment from the Owners for the Bunkers at the charter party price, or alternatively the Owner must deliver the Bunkers into the custody of the Plaintiff at a mutually agreeable place (the "Notice"). The Notice also confirmed that the Bunkers are an asset of the Chapter 11 bankruptcy estate and that their value must be returned to all creditors of the estate so that proper legal process is followed under U.S. Bankruptcy Law. The Notice also notified the Owner that if it burned the Bunkers, it would be considered conversion of the Plaintiff's property.

16. As of the date of this filing, the Owner contests Plaintiff's right to payment for the value of the Bunkers and has refused to pay for the Bunkers.

17. The Vessel with the Bunkers onboard arrived in the Columbia River System on October 11, 2015 and is expected to depart on October 17, 2015. Plaintiff seeks arrest and attachment of the Vessel in order to maintain the bankruptcy estate of the Plaintiff intact.

18. As of the date of this Complaint, US$830,028.13 is due and owing for compensation of the Bunkers.

### III.   RULE C ARREST

19. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20. Plaintiff sues the Vessel, her engines, tackle, auxiliary vessels, equipment, furniture, rigging, appurtenances, etc., *in rem*, and the Owner, *in personam*, and repeats and realleges by reference the allegations contained in paragraphs 1-21 as if specifically set forth herein.

21. The Vessel Charter is a maritime contract because it's substantial purpose is the charter of a vessel.

Page 5 -   VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

22. The Owner has refused to comply with Clause 32 of the Vessel Charter and is in breach of the Vessel Charter.

23. It is well settled that claims for breach of charter gives rise to maritime liens. See, *Rainbow Line, Inc. v. M/V TEQUILA*, 480 F.2d 1024, 1027 (2d Cir. 1973) ("The American law is clear that there is a maritime lien for the breach of a charter party…"); *R Caribbean, Inc. v. Dredge "Jumby Bay"*, 147 F. Supp. 2d 3278, 381 (D.V.I 2001) (recognizing a maritime lien for breach of a partially executed charter party).

24. As a result of the aforesaid breach of the Vessel Charter, the Plaintiff is entitled to assert and foreclose its maritime lien on the Vessel and recover any deficiency from the Owner.

### IV.    RULE B ATTACHMENT

25. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

26. Under 11 U.S.C. 542, any entity that is in possession of property of the debtor's bankruptcy estate or that owes a debt that is the property of the estate must deliver such property to or pay such debt to the trustee ("Section 542").

27. As the Owner has refused to pay the US$830,028.13 owed to the Plaintiff to benefit the estate, the Owner is in violation of Section 542 and the automatic stay and the Plaintiff and bankruptcy estate have suffered damages by Owner's failure to remit payment.

28. The Owner cannot be found within the District of Oregon, but has tangible property which belongs to it within the jurisdiction, including the Vessel currently loading grain within the Columbia River System.

/ / /

/ / /

Page 6 - VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

## V.    PRAYER

WHEREFORE, the Plaintiff prays:

1.    That process of arrest, in due form of law, according to the course and practice of this Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel and her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel, her engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, costs and attorneys' fees and to pay any other amounts advanced by the Plaintiff or required to be paid by the Owner to the Plaintiff under the Vessel Charter, together with interest, costs and attorneys' fees, and that the Plaintiff may have such other and further relief as in law and justice it may be entitled to receive;

2.    That process in due form of law, according to the course and practice of this Court in the form of a writ of maritime attachment be issued against the Vessel and her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto an the amount of US$830,028.13 together with interest and costs, as provided in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid;

3.    That this Court recognize and confirm any judgment(s) rendered on the claims set forth herein as a Judgment of this Court, along with awarding Plaintiff's attorney's fees, pre and post judgment interest and costs in connection with these actions;

Page 7 -    VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

4. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

5. That the breach of the Vessel Charter may be declared to give rise to a valid and subsisting lien upon the Vessel, her engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable law is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

6. That it may be decreed that any and all persons, firms and corporations claiming any interest in the Vessel are forever barred and foreclosed from all rights or equities of redemption or claim of, in or to the Vessel, her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto and every part thereof;

7. That this Honorable Court shall direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to the Owner or individual in charge of the Vessel; and

8. That judgment be issued against the Vessel, *in rem*, in the amount of US$830,028.13 due for the payment of the Bunkers under the Vessel Charter, at the time the warrant of arrest is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by the Owners to the Plaintiff under the Vessel Charter with interest and costs and further, that the Plaintiff reserves its right to proceed against the Owner for any deficiency that may remain due after applying the available proceeds of the sale of the Vessel to the judgment herein, and that the Plaintiff have such other and further relief as in law and justice it may be entitled to recover.

9. That judgment be issued against the Owner, *in personam*, in the amount of US$830,028.13 due for the payment of the Bunkers under the Vessel Charter, at the time

Page 8 -   VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

the writ of attachment is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by the Owners to the Plaintiff under the Vessel Charter with interest and costs and further, and that the Plaintiff have such other and further relief as in law and justice it may be entitled to recover.

10. To the extent possible, the Plaintiff reserves rights to transfer any claims hereunder to the Bankruptcy Court as these claims against the bankruptcy estate are core proceedings pursuant to 28 U.S.C. 157(b)(2)(B).

11. That this Court grant Plaintiff such other and further relief which it may deem just and proper.

Dated this 16th day of October, 2015.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ David R. Boyajian*
Noah Jarrett
David R. Boyajian
Telephone: 503.222.9981
Facsimile: 503.796.2900
Of Attorneys for Plaintiff, Global Maritime Investments Cyprus Limited

Page 9 -   VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2

## VERIFICATION OF COMPLAINT

I, David R. Boyajian, pursuant to Section 1746 of Title 28 of the United States Code, hereby declare and say the following under penalty of perjury:

I am an attorney for the above-captioned plaintiff, Global Maritime Investments Cyprus Limited, and I am duly authorized to make this Verification on its behalf. I have read the foregoing Verified Complaint for Attachment of Vessel, and the allegations contained therein are true and correct to the best of my knowledge, information and belief.

*s/ David R. Boyajian*
David R. Boyajian

Page 10 - VERIFIED COMPLAINT FOR ATTACHMENT OF VESSEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\124008\183116\DBO\16867654.2